**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                No. 00-4368

DANIEL S. TAYLOR, JR.
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-282)

Argued: December 8, 2000

Decided: February 16, 2001

Before WILKINSON, Chief Judge, and WILKINS and
KING, Circuit Judges.

---

Affirmed by published opinion. Chief Judge Wilkinson wrote the
opinion, in which Judge Wilkins and Judge King joined.

---

## COUNSEL

**ARGUED:** John Caldwell Warley, DURRETTE, IRVIN & BRAD-
SHAW, P.L.C., Richmond, Virginia, for Appellant. Stephen Wiley
Miller, OFFICE OF THE UNITED STATES ATTORNEY, Rich-
mond, Virginia, for Appellee. **ON BRIEF:** Thomas B. Weidner, IV,
DURRETTE, IRVIN & BRADSHAW, P.L.C., Richmond, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Rodney L. Jef-

ferson, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

___

**OPINION**

WILKINSON, Chief Judge:

Daniel Taylor argues that his arrest by local police on state criminal charges triggers the requirements of the federal Speedy Trial Act, 18 U.S.C. § 3161 et seq. (1994). He contends that the close cooperation of state and federal law enforcement officials in the Project Exile program effectively rendered his arrest a federal one. Because only federal arrests trigger the commencement of the time limits set in the Act, and because Taylor's arrest by local police was not a de facto federal arrest, we affirm the judgment of the district court dismissing Taylor's claim.

I.

Daniel Taylor was arrested in Richmond, Virginia on January 21, 1999. The arresting officers were members of the City of Richmond police force. Taylor was charged with seven state drug and firearms charges. The police officers arrested Taylor without conferring with federal agents or the United States Attorney's office. Taylor was arraigned in state court the next day. The Commonwealth of Virginia held Taylor in custody until March 16, 1999, when he was released on bond.

The City of Richmond participates in a program called Project Exile. The program is a voluntary and cooperative venture between the United States Attorney for the Eastern District of Virginia and the Commonwealth's Attorney for the City of Richmond. Under Project Exile, the Richmond Police Department trains local police officers to identify state firearms offenses that could constitute federal offenses as well. In those cases where the conduct alleged constitutes a federal crime, local police refer the matter to the United States Attorney's office. If the United States Attorney obtains an indictment against a defendant, the Commonwealth's Attorney voluntarily drops the state charges.

On April 20, 1999, a federal grand jury indicted Taylor on six counts stemming from his January 21 arrest. These counts included possession of a firearm in relation to a drug trafficking offense. Taylor was arraigned on those charges on July 7. Because of the unavailability of a government witness, that indictment was dismissed without prejudice on August 25, 1999. The federal grand jury returned a second identical indictment on September 9. The defendant was arraigned on these charges on December 2, 1999. After the district court denied his motion to dismiss on Speedy Trial grounds, Taylor pleaded guilty to two counts — possession with intent to distribute a controlled substance and carrying a firearm in relation to a drug trafficking offense. *See* 21 U.S.C. § 841; 18 U.S.C. § 924(c). Taylor reserved the right to appeal on Speedy Trial grounds, and now exercises that right.

## II.

Taylor argues that state police officers participating in Project Exile who arrest individuals on state drug and firearm violations in the City of Richmond are actually de facto federal agents. Therefore, he maintains that the Speedy Trial Act should apply to Taylor's initial state arrest because his arrest was really a federal arrest on federal charges. We disagree.

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1).

Thus, if Taylor is correct that his arrest on January 21, 1999 was a federal arrest on federal charges, the seventy-day period set forth in the Act began on the date of arraignment in state court, January 22, 1999. Taylor therefore contends that the indictment must be dismissed

because the government did not comply with the strictures of the Speedy Trial Act.

The goal of the Speedy Trial Act is to "mandate an orderly and expeditious procedure for federal criminal prosecutions by fixing specific, mechanical time limits within which the various progressions in the prosecution must occur." *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir. 1982). The Act by its terms applies only to a "Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress . . . ." 18 U.S.C. § 3172(2).

Taylor concedes that no case supports his argument that a state arrest for a violation of state law triggers the Act's time limitations. Indeed, since *Iaquinta*, this circuit has held that the time limits of the Act begin only after a federal arrest, not a state arrest. *Iaquinta*, 674 F.2d at 264; *accord United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (Speedy Trial Act not implicated until defendant "was either taken into federal custody on federal charges or indicted on those charges"); *United States v. Lee*, 818 F.2d 302, 303-04 (4th Cir. 1987) (Speedy Trial Act not triggered on state arrest, but on subsequent federal arrest on crime stemming from same facts); *see also United States v. Mejias*, 552 F.2d 435, 441-42 (2d Cir. 1977) (Speedy Trial Act not triggered by state arrest despite later arrest and indictment on federal charges).

This governing circuit precedent, as well as the constitutional structure of dual sovereignty, dictates the result here as well. Both the federal government and the state government may prosecute an individual for the same act, even if the defendant has already been prosecuted by the other for the same illegal activity. *Abbate v. United States*, 359 U.S. 187, 195-96 (1959); *United States v. Smith*, 30 F.3d 568, 572 (4th Cir. 1994). When a defendant is in the custody of the state government, the federal government of course does not control that person. Thus, federal authorities cannot be held responsible for the time the defendant spent in state custody.

Taylor nevertheless argues that the City of Richmond's participation in Project Exile morphs a state arrest into a federal one. Our decisions in *Iaquinta*, 674 F.2d at 264, and *United States v. Nathan*, 202

F.3d 230 (4th Cir. 2000), preclude this argument. In *Iaquinta*, we held that a state arrest after a joint federal state investigation did not convert the arrest into a federal one for Speedy Trial Act purposes. *Iaquinta*, 674 F.2d at 267. Indeed, we stated in *Iaquinta* that the "fact that the federal officers were present, assisting in the arrests of the defendants by the state officers . . . has never been held in any case to render the state arrest federal." *Id.* at 268. In *Nathan*, we specifically rejected the arguments that Project Exile suspends state law, interferes with state criminal proceedings, and conscripts state resources. *Nathan*, 202 F.3d at 233. Although the City of Richmond trains police officers participating in Project Exile about federal law, this fact does not transform them into federal officers. The police officers who arrested Taylor were performing their important yet quotidian task of enforcing the laws of the Commonwealth of Virginia and the City of Richmond.

The possibility, even likelihood, of the federal government also bringing charges for the same underlying facts as the original state arrest does not suddenly cause state officers to stop performing their state duties. In this case, state officers arrested Taylor on state charges. The city's participation in Project Exile does not change the reality that state police officers acted well within their prescribed powers under state law by arresting Taylor on these state charges. Therefore, this arrest did not trigger the provisions of the Speedy Trial Act.

III.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.