UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

ERNESTO AREVALO MARTINEZ, a/k/a
Jose Delgado, a/k/a Alfred
Martinez, a/k/a Wilfredo Martinez-
Arevalo, a/k/a Felipe Atland, a/k/a
Jose Lopez-Delgado, a/k/a Roberto
Martinez-Arevalo, a/k/a Juan Carlos
Salqueiro,

    *Defendant-Appellant.*

No. 00-4680

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-00-128)

Submitted: July 24, 2001

Decided: August 16, 2001

Before WILLIAMS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Jeffrey D. Zimmerman, LAW OFFICE OF JEFFREY D. ZIMMER-
MAN, Alexandria, Virginia, for Appellant. Kenneth E. Melson,

United States Attorney, William J. Lovett, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ernesto Arevalo Martinez was convicted for unlawful entry into the United States after deportation under 8 U.S.C.A. § 1326(a) (West 1999) and received an enhanced sentence under § 1326(b)(2) because he was deported subsequent to his conviction for burglary. For the reasons that follow, we affirm his conviction and sentence.

First, we find no violation of the Speedy Trial Act. *United States v. Taylor*, 240 F.3d 425, 427 (4th Cir. 2001). Second, we do not find that Martinez's enhanced sentence violates the prohibition against the passage of ex post facto laws. *United States v. Forbes*, 16 F.3d 1294, 1301-02 (lst Cir. 1994). Next, the fact that Martinez's Texas burglary conviction was set aside following his successful completion of a term of probation does not alter the fact that such conviction was a proper "aggravated felony" predicate for a sentence enhancement under § 1326(b)(2). *United States v. Campbell*, 167 F.3d 94, 98 (2d Cir. 1999). Finally, we decline Martinez's invitation to interpret the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as overruling its earlier opinion in *United States v. Almendarez-Torres*, 523 U.S. 224 (1998).

Accordingly, we affirm Martinez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*