Frank W. HALLSTEIN, Jr.,
Plaintiff—Appellant,

v.

CITY OF HERMOSA BEACH;  et al., Defendants—Appellees.

No. 02–56507.
D.C. No. CV–01–06202–RJK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Dec. 9, 2003.

**18**

Thomas E. Beck, Esq., Thomas E. Beck & Associates, Los Angeles, CA, for Plaintiff–Appellant.

S. Frank Harrell, Esq., Franscell, Strickland, Roberts & Lawrence, Orange, CA, for Defendants–Appellees.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Frank Hallstein appeals the summary judgment dismissal of the 42 U.S.C. § 1983 action he brought against Officer David Bohacik and the City of Hermosa Beach alleging that Bohacik's (1) initiation of an altercation, and (2) subsequent pattern of alleged intimidation in retaliation for Hallstein's filing of an officer misconduct complaint, including (3) "running" Hallstein's license plate without probable cause violated Hallstein's Fourteenth, First, and Fourth Amendment rights, respectively. As the facts are familiar to the parties, we recount them only as necessary to explain our ruling. For the reasons set forth below, we affirm the district court's dismissal.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

### 1. Substantive Due Process

■ Hallstein contends that his substantive due process freedom from excessive force was violated when Bohacik screamed at him, challenged him to a fight, and rushed at him.

No Fourth Amendment seizure took place. *See California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (holding that a seizure "requires *either* physical force ... *or,* where that is absent, *submission* to the assertion of authority"). The substantive component of the Fourteenth Amendment's Due Process Clause therefore supplies the standard that governs Bohacik's conduct. *See County of Sacramento v. Lewis,* 523 U.S. 833, 843–44, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (holding that substantive due process applies in excessive force cases where there is no Fourth Amendment "search" or "seizure"). Substantive due process prohibits executive abuses of authority that "shock the conscience." *Id.* at 846, 118 S.Ct. 1708.

Viewing the facts in the light most favorable to Hallstein, Officer Bohacik's conduct, while certainly worthy of rebuke, does not shock the conscience. The encounter was brief; no physical attack occurred; other officers were present and interceded; and Hallstein and Bohacik were acquaintances embroiled in a private dispute, so the invocation of governmental authority was marginal. *Compare, e.g., Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) (holding that administration of a vomit-inducing substance through a tube into an individual's stomach against his will in order to obtain evidence swallowed by him shocks the conscience).

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

Hallstein also contends that because Officer Bohacik's conduct amounted to a violation of the California Penal Code, he has stated a cognizable substantive due process claim. The cases he cites, however, concern procedural, not substantive, due process. *See Draper v. Coombs,* 792 F.2d 915, 920 (9th Cir.1986) (discussing the "procedural safeguards" that precede extradition); *Carlo v. City of Chino,* 105 F.3d 493, 496 (9th Cir.1997) (noting that the plaintiff had mistakenly relied on substantive due process when her claim properly relied on procedural due process). No procedural due process cause of action has been raised in this case.

### 2. First Amendment

Hallstein also claims a violation of his First Amendment rights following his complaint about Bohacik's conduct to the Hermosa Beach Police Department (HBPD). The allegedly retaliatory acts include: (1) an incident at a downtown gym in which Bohacik "antagonized" and "threatened" Hallstein; (2) several episodes of "staring down" Hallstein and his wife; and (3) "running" Hallstein's license plate without probable cause in violation of California law.

█ The altercation between Hallstein and Bohacik at the downtown gym involved no conduct "under color of State law," and therefore does not come within § 1983. Officer Bohacik was off duty and wearing street clothes at the time and did not invoke his governmental authority.

█ To prove a First Amendment claim for retaliatory conduct, Hallstein must show that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999). Hallstein had already complained about Bohacik to the HBPD, and Bohacik received a punitive suspension as a result. Hallstein was also in regular contact with Sergeant Thomas, Bohacik's superior officer at the HBPD, about Bohacik's conduct. Given the close scrutiny under which Bohacik was operating, intimidating stares and the "running" of a license plate would not dissuade an ordinary person from further complaining about Bohacik's activities, and, indeed, did not deter Hallstein.

### 3. Fourth Amendment

█ Finally, Hallstein contends that Officer Bohacik's check through governmental databases on his license plate constitutes a Fourth Amendment violation. Bohacik accessed the information stored in the DMV and police department databases in contravention of state law. A violation of a state law, however, is not, without more, a Fourth Amendment violation, as Hallstein concedes.

Nor does Hallstein have a reasonable expectation of privacy in information he voluntarily exposed to other people, such as his license plate. *See United States v. Miller,* 425 U.S. 435, 442, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). Finally, as Hallstein does not claim that the data stored in the DMV and police department databases were acquired by those institutions in violation of his Fourth Amendment rights, he cannot complain under the Fourth Amendment about access to that information by others.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.