UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ARTHUR EDWARD WILLIAMSON, JR.,
a/k/a Fast Eddie,

*Defendant-Appellant.*

No. 02-4794

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-02-324)

Submitted: December 31, 2003

Decided: January 22, 2004

Before NIEMEYER and LUTTIG, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

J. Falkner Wilkes, CRAVEN & WILKES, Greenville, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, A. Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Arthur Edward Williamson was convicted by a jury of possession with intent to distribute methamphetamine, using/carrying a firearm during a drug trafficking crime, and felon in possession of a firearm. He was sentenced to life imprisonment. On appeal, he challenges the denial of his motion to suppress, the evidence supporting the prior convictions used to enhance his sentence, and the denial of his motion to dismiss the indictment based on a violation of the Speedy Trial Act. We affirm.

I.

Williamson first argues that his arrest and the subsequent seizure of incriminating evidence flowed directly from the illegal stop of a third party. However, an essential element to successfully challenging a search or seizure on Fourth Amendment grounds is the existence of a legitimate expectation of privacy. *United States v. Salvucci*, 448 U.S. 83, 92-93 (1980). There is no recognition of the legitimacy of a defendant's expectations of privacy where the area searched is in the control of a third party. *Rakas v. Illinois*, 439 U.S. 128, 132-33 (1978). Fourth Amendment rights are personal rights and may not be vicariously asserted. *Id.* at 133-34. A person who is aggrieved by an illegal search or seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. *Id.* at 134.

Thus, Williamson may not assert a third party's Fourth Amendment rights. Even assuming the officers improperly stopped this other person, Williamson had no expectation of privacy in the third party's car nor his person. Therefore, the information gained from the stop was properly used to apprehend Williamson.

II.

At sentencing, Williamson challenged the convictions used to enhance his sentence. However, Williamson refused to testify, and he offered no evidence on the issue. On appeal, Williamson argues that the Government did not produce sufficient evidence to prove the prior convictions.

The party that objects to a finding in a presentence report has the burden of making an affirmative showing that the information is inaccurate. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). In the absence of such a showing, the sentencing court may adopt the findings of the presentence report without further inquiry. *Id.* Here, Williamson made arguments through counsel, but he never testified that the information in the presentence report was inaccurate, and he refused to be placed under oath. In addition, we find that the information in the report was sufficiently reliable. The Government filed certified copies of Williamson's convictions, and it is undisputed that, in 1989, at a previous sentencing hearing, Williamson did not dispute the convictions at issue. Accordingly, the trial court did not err by accepting Williamson's prior convictions as stated in the presentence report.

III.

Williamson alleges that the Government violated the Speedy Trial Act because his indictment was filed greater than thirty days after he was taken into custody, in violation of 18 U.S.C. § 3161(b) (2000). This Circuit has interpreted § 3161(b) to mean that the thirty-day time period does not begin to run until there is a federal arrest. *United States v. Iaquinta*, 674 F.2d 260, 264-65 (4th Cir. 1982). An arrest is not necessarily federal merely because federal agents and state officers cooperate in the investigation leading up to the arrest or because state officials dallied in the state prosecution. *Id.* at 268-69.

Here, there was no federal arrest until *after* Williamson was indicted. After Williamson was located on June 15, 2001, by state and federal officers, he was arrested on state drug and weapons violations, and a federal detainer was placed on him for violation of federal supervised release. On March 26, 2002, a federal grand jury returned

an indictment on Williamson for the June 2001 drug and weapons violations, and on March 28, Williamson was federally arrested on those charges. Nevertheless, Williamson alleges that state and federal officials colluded to keep Williamson in state custody (without any intention to prosecute him) until federal officials were prepared to indict him. Williamson offers no evidence of this conspiracy, aside from his own statements.

Because the record evidence shows that Williamson was originally arrested by state officials, he has failed to show the requisite amount of federal involvement to establish a Speedy Trial Act violation. *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995). The fact that he was later arrested federally does not transform his state arrest and charge into a federal action under the Act. *See United States v. Taylor*, 240 F.3d 425, 427 (4th Cir. 2001). In addition, we find that Williamson has not sufficiently demonstrated that his state detention was primarily based upon the federal Government's intent to prosecute. *See United States v. Noel*, 231 F.3d 833, 836-37 (11th Cir. 2000) (involving INS detentions). Thus, Williamson's motion to dismiss the indictment was properly denied.

## IV.

Based on the foregoing, we affirm Williamson's convictions and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*