**John R. PHILLIPS Plaintiff,**

v.

**Jeffrey L. BAILEY, et al.   Defendants.**

**No. CIV.A. 7:04CV00362.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 29, 2004.

Paul Anthony Dull, Brumberg Mackey and Wall, Roanoke, VA, for Plaintiff.

William Bradford Stallard, Penn Stuart & Eskridge, Abingdon, VA, Elizabeth Kay Dillon, Guynn Memmer & Dillon PC, Roanoke, VA, for Defendants.

## MEMORANDUM OPINION

CONRAD, District Judge.

John R. Phillips brings this action pursuant to 42 U.S.C. § 1983 against Jeffrey L. Bailey and Wesley P. Terry, Jr., alleging that the defendants violated his constitutional rights. Mr. Phillips also asserts several state claims against Mr. Bailey, including defamation, malicious prosecution, and intentional infliction of emotional distress. The case was originally filed in the Circuit Court for the County of Pulaski on June 17, 2004. On July 12, 2004, the defendants removed the case to this court. The case is currently before the court on the defendants' motions to dismiss. For the following reasons, the court will dismiss the plaintiff's § 1983 claims with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff's state claims will be remanded to the Circuit Court for the County of Pulaski.

## BACKGROUND

The following facts, which are taken from the plaintiff's motion for judgment, are accepted as true for purposes of the defendants' motions. *See Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 217–218 (4th Cir.1994). At all times pertinent to this case, the defendants were employed by the police department for the City of Radford. Mr. Bailey worked as a police officer and Mr. Terry served as the police chief.

On November 27, 2002, Mr. Bailey contacted the police department for the Town of Pulaski and requested personal information about the plaintiff. Mr. Bailey falsely alleged that the plaintiff was the subject of a criminal investigation by the Radford police department. Pursuant to Mr. Bailey's instructions, an agent for the Pulaski police department initiated a criminal background·check, as well as a search of the plaintiff's Department of Motor Vehicles ("DMV") records. Although not mentioned in the motion for judgment, the plaintiff also alleges that Mr. Bailey inquired about the plaintiff's credit history.[1]

The plaintiff also claims that he received threatening phone calls from Mr. Bailey on numerous occasions. On March 12, 2003, the plaintiff initiated a summons against Mr. Bailey. Mr. Bailey then initiated a cross-warrant against the plaintiff. Mr. Bailey falsely alleged that the plaintiff had made a threatening phone call. The plaintiff was subsequently arrested on this charge. The charge was later dismissed by the General District Court for Pulaski County.

## DISCUSSION

The defendants have moved to dismiss the plaintiff's § 1983 claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss under Rule 12(b)(6), the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Part-*

---

1. The plaintiff alleged in a memorandum in opposition to Mr. Bailey's motion that "Bailey conducted a multiple agency search," which "included credit reports." During a hearing on the defendants' motions, the plaintiff's attorney explained that a representative from the plaintiff's bank told the plaintiff that inquires had been made regarding his bank records.

*nership,* 213 F.3d 175, 180 (4th Cir.2000). The court must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. The court should not dismiss a complaint for failure to state a claim, unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Section 1983 imposes civil liability on any person acting under color of law to deprive another person of rights and privileges secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. The first inquiry in a case based on § 1983 is whether the plaintiff has been deprived of a constitutional or federal right. *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Upon reviewing the theories advanced in the motion for judgment, the court concludes that the plaintiff cannot allege sufficient facts to establish a § 1983 claim against Mr. Bailey or Mr. Terry. Plaintiff's § 1983 claims against the defendants must be dismissed as a matter of law.

### Plaintiff's § 1983 Claims Against Mr. Bailey

The plaintiff alleges that Mr. Bailey violated his Fourth Amendment right to be free from unreasonable searches and seizures, by initiating an unauthorized search of the plaintiff's private information. "[A]n essential element to successfully challenging a search or seizure on Fourth Amendment grounds is the existence of a legitimate expectation of privacy." *United States v. Williamson,* 85 Fed.Appx. 943, 2004 WL 99051 (4th Cir. 2004).

The court concludes that the plaintiff has no legitimate expectation of privacy in the particular records at issue. An individual's criminal record is a matter of public record. "Certainly, there is no

question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record." *Doe v. City of New York,* 15 F.3d 264, 268 (2nd Cir.1994). DMV records, in some respects, are akin to criminal records maintained by courts and law enforcement agencies. Since the plaintiff does not allege that the personal information stored in the Pulaski police department and DMV databases was acquired by those institutions in violation of the Fourth Amendment, he cannot complain under the Fourth Amendment about access to that information by others. *Hallstein v. City of Hermosa Beach,* 87 Fed.Appx. 17, 19, 2003 WL 22905292 (9th Cir.2003).

Furthermore, the plaintiff has no legitimate expectation of privacy in information voluntarily shared to a third party, such as certain information maintained by the DMV. *Smith v. Maryland,* 442 U.S. 735, 743–744, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) ("This Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.") This principle also applies to information maintained by banks or credit bureaus. The United States Supreme Court has expressly determined that bank customers have no legitimate expectation of privacy in the records held by a bank. *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). The Court explained that the "depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government." *Id.* at 443, 96 S.Ct. 1619. *See also SEC v. Jerry T. O'Brien, Inc.,* 467 U.S. 735, 742–743, 104 S.Ct. 2720, 81 L.Ed.2d 615 (1984) (holding that that an individual had no claim under the Fourth Amendment, because once he gave his financial information to a third party, he could not object if the third party conveyed that

information to law enforcement authorities). For these reasons, the plaintiff's Fourth Amendment claim against Mr. Bailey must be dismissed as a matter of law.

■ The plaintiff also contends that Mr. Bailey violated his constitutional right to privacy by obtaining the plaintiff's private information. However, "there is no general constitutional right to privacy." *Edwards v. City of Goldsboro*, 178 F.3d 231, 252 (4th Cir.1999). Instead, "the 'right to privacy' has been limited to matters of reproduction, contraception, abortion, and marriage...." *Id.* Since none of these matters is implicated in the present case, the plaintiff's invasion of privacy claim is without merit and must be dismissed. *See Lynn v. O'Leary*, 264 F.Supp.2d 306, 310–311 (D.Md.2003) (dismissing the plaintiff's § 1983 invasion of privacy claim, because the plaintiff did not allege facts showing the infringement of matters related to reproduction, contraception, abortion, or marriage.)

### Plaintiff's § 1983 Claims Against Mr. Terry

■ The plaintiff alleges that Mr. Terry is liable for Mr. Bailey's actions, because Mr. Terry supervised Mr. Bailey

and countenanced policies that allowed Mr. Bailey to violate the plaintiff's constitutional rights. Because the court concludes that no constitutional violation has occurred, the plaintiff's supervisory liability claims against Mr. Terry must also be dismissed. It is well settled that there can be no supervisory liability when there is no underlying violation of the Constitution. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); *Temkin v. Frederick County Comm'rs*, 945 F.2d 716, 724 (4th Cir.1991); *Kopf v. Wing*, 942 F.2d 265, 269 (4th Cir. 1991); *Belcher v. Oliver*, 898 F.2d 32, 36 (4th Cir.1990).

### Plaintiff's State Claims

Plaintiff asserts several state claims against Mr. Bailey, including defamation, malicious prosecution, and intentional infliction of emotional distress. Having dismissed plaintiff's federal claims, the court declines to exercise jurisdiction over his remaining state claims. 28 U.S.C. § 1367(c)(3). Plaintiff's state claims will be remanded to the Circuit Court for the County of Pulaski. *See Farlow v. Wachovia Bank of N.C.*, 259 F.3d 309, 316 (4th Cir.2001).[2]

2. In *Farlow*, the United States Court of Appeals for the Fourth Circuit explained the options that district courts have when determining whether to maintain jurisdiction over supplemental state law claims in a case removed from state court. The court explained as follows:

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the predecessor of 28 U.S.C. § 1367, the 1990 statute with respect to supplemental jurisdiction, the Court, although not denying the right of the district court to decide pendent claims, stated that "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. Following

Gibbs, the Court decided in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), that, in a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court.

The upshot of applying Gibbs, Cohill and § 1367 to this case is that on remand, the district court has the discretion either to dismiss the pendent state-law claims without prejudice, remand the state-law claims to the state court, or decide the merits of the state-law claims if it believes it should not follow the statement we have quoted from Gibbs.

## CONCLUSION

For the reasons stated, plaintiff's § 1983 claims against the defendants will be dismissed with prejudice for failure to state a claim upon which relief may be granted. The remaining state claims against Mr. Bailey will be remanded to the Circuit Court for the County of Pulaski.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

## ORDER

This case is before the court on the defendants' motions to dismiss. For the reasons stated in a Memorandum Opinion filed this day, it is hereby

### ORDERED

as follows:

1. Plaintiff's § 1983 claims against the defendants are **DISMISSED** with prejudice.

2. Plaintiff's remaining state claims are **REMANDED** to the Circuit Court for the County of Pulaski

The Clerk is directed to strike the case from the active docket of the court, and to send a certified copy of this Order and the attached Memorandum Opinion to all counsel of record. The clerk shall forward the original state court file, as well as all filings generated before this court, to the Clerk of the Circuit Court for the County of Pulaski.