**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-5091**

_____

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

BRIAN DEAN SOLES,

            Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:00-cr-00285-NCT-2)

_____

Submitted:  June 4, 2009                Decided:  July 2, 2009

_____

Before MICHAEL, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Dean Soles pled guilty pursuant to a plea agreement to one count of bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (1994 & Supp. IV 1999) and was sentenced in February 2001 to 32 months' imprisonment followed by three years of supervised release. Soles began serving his term of supervised release on December 20, 2002. On December 19, 2005, the date on which Soles' term of supervised release was set to expire, a petition was filed in the district court alleging a violation of supervised release. Soles had been arrested and taken into custody on state charges in North Carolina, and a federal detainer was lodged with state authorities. Soles, however, was not arrested by the United States Marshal's Service until August 20, 2007. After a hearing on September 20, 2007, the district court revoked Soles' supervised release and sentenced him to twelve months' imprisonment and twenty-four months' supervised release.

On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Counsel questions, however, whether Soles was entitled to a hearing under Fed. R. Crim. P. 32.1 promptly after his arrest in North Carolina and whether the twenty-one-month period of time between Soles' December 2005 arrest and the September 2007 revocation hearing

2

violated Soles' constitutional and statutory rights to a speedy trial. Counsel also questions whether the district court should have awarded Soles sentencing credit for 506 days he spent in state custody and questions whether Soles' sentence upon revocation is plainly unreasonable. We affirm.

We review for plain error counsel's Fed. R. Crim. P. 32.1 claim and the claims of constitutional and statutory speedy trial violations because Soles did not raise these issues in the district court. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). We discern no plain error. Fed. R. Crim. P. 32.1 applies only to those in custody solely for the violation of their supervised release. See United States v. Pardue, 363 F.3d 695, 697-98 (8th Cir. 2004). Further, the Rule is only triggered when the defendant is taken into federal custody for the violation of his supervised release. See Fed. R. Crim. P. 32.1(a)(1) & (b)(1)(A). Soles was not taken into federal custody for a violation of his supervised release until August 20, 2007, and we conclude that the month-long period between Soles' federal arrest and the revocation hearing was reasonable. See Fed. R. Crim. P. 32.1(b)(2).

Additionally, Soles had no Sixth Amendment right to a speedy trial because supervised release revocation proceedings are not stages of a criminal prosecution. See United States v.

3

*Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008); *United States v. House*, 501 F.3d 928, 930-31 (8th Cir. 2007); *United States v. Tippens*, 39 F.3d 88, 89 (5th Cir. 1994); *see also* *United States v. Carlton*, 442 F.3d 802, 807 (2d Cir. 2006) ("[T]he 'full panoply of rights' due a defendant in a criminal prosecution does not apply to revocation hearings for parole, for probation, or for supervised release." (citations omitted)); *United States v. Work*, 409 F.3d 484, 491-92 (1st Cir. 2005) (Sixth Amendment's right to jury trial does not extend to supervised release revocation proceedings).

Counsel's claim of Speedy Trial Act error is likewise without merit. The Speedy Trial Act provides, in relevant part, that any "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b) (2006 & Supp. II 2008). However, the "goal of the Speedy Trial Act is to mandate an orderly and expeditious procedure for <u>federal criminal prosecutions</u> by fixing specific, mechanical time limits within which the various progressions in the prosecution must occur." *United States v. Taylor*, 240 F.3d 425, 427 (4th Cir. 2001) (internal quotation marks and citation omitted) (emphasis added). As supervised release revocation

proceedings are not stages in the criminal prosecution, the Speedy Trial Act has no applicability to them.

Counsel also questions whether the district court should have awarded Soles sentencing credit for 506 days he spent in state custody. Under 18 U.S.C. § 3585(b) (2006), a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." Section 3585(b), however, does not permit a district court to determine credit at sentencing. United States v. Wilson, 503 U.S. 329, 334 (1992). Rather, only the Attorney General, through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35. Therefore, as counsel correctly concedes, the district court was without authority to order the Bureau of Prisons to give Soles credit for time he served in North Carolina. Moreover, at the revocation hearing, the government's attorney indicated that Soles may have received credit against his state sentence for the time he spent in state custody. If so, Soles was not entitled to have credit already applied to his state sentence counted a second time and applied to his federal sentence for violating the terms of his supervised release. See McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993).

Counsel questions whether Soles' sentence upon revocation is plainly unreasonable. We will affirm a sentence

5

imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. If we conclude that a sentence is not unreasonable, we will affirm the sentence. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C. § 3583(e); Crudup, 461 F.3d at 440. Such a sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id. at 439.

Soles' 12-month prison sentence and 24-month period of supervised release do not exceed the applicable maximums set by statute, and the district court properly calculated the advisory policy statement range and sentenced Soles within that range. Because the district court did not explain why it imposed a twelve-month prison sentence, the sentence is at least arguably unreasonable. However, we easily conclude that Soles' sentence is not "plainly" unreasonable because the sentence was within the recommended policy statement range and the record does not contain any basis upon which to conclude that the imposed sentence is clearly or obviously unreasonable.

Finally, we cannot review counsel's claim that the district court erred by imposing the 36-month term of supervised release in Soles' original sentencing, as we lack jurisdiction to examine the original sentencing proceeding in which the 36-month term was imposed. See United States v. Johnson, 138 F.3d 115, 117-18 (4th Cir. 1998). If Soles found the term objectionable, he should have raised this claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Soles, in writing, of the right to petition the Supreme Court of the United States for further

7

review.  If Soles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Soles.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED